UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JOSE LUIS CARVAJAL | § |
| | § |
| Petitioners | § CIVIL ACTION NO. 5:17-CV-117 |
| VS. | § CRIMINAL ACTION NO. 5:15-CR-1435- |
| | § 4 |
| | § |
| UNITED STATES OF AMERICA | § |

## ORDER

United States Magistrate Judge Song Quiroga issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) recommending that Defendant's § 2255 Motion (Dkt. No. 1; Cr. Dkt. No. 511)[1] be **DENIED** and that this action be **DISMISSED**. (Dkt. No. 4; Cr. Dkt. No. 532). Plaintiff has since filed objections to the Report and Recommendation, arguing that his offense level should not have been enhanced due to the firearms found in his home because his co-defendant–son took responsibility for those weapons. (Dkt. No. 6; Cr. Dkt. No. 534).

The Court conducts a de novo review of Plaintiff's objections and applies a plain-error standard of review for the rest of the proposed findings and recommendations. Having considered the entire record, as well as arguments advanced by the parties, the Court **OVERRULES** Plaintiff's objection and hereby **ADOPTS** the Report and Recommendation (Dkt. No. 4; Cr. Dkt. No. 532) as the findings and opinion of the Court with two supplemental findings.

First, Defendant's counsel *did* raise an objection to the Court's application of

---

[1] "Dkt. No." refers to the civil case, and "Cr. Dkt. No." refers to the criminal case.

a two-level sentencing enhancement under § 2D1.1(b)(1) (firearms enhancement). (Sentencing Hr'g at 2:18:35–2:18:57). "[A]n objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 576 F.3d 270, 272 (5th Cir. 2009). Before Defendant was sentenced, his attorney brought the Court's attention to the question of whether the firearms enhancement should be applied to his client, given that his co-defendant–son had claimed ownership of all the weapons and stated that he was willing to take full responsibility for them. (Sentencing Hr'g at 2:18:35–2:18:52). The Court began its response: "There were some weapons found at [Defendant's] home and other weapons found at [his co-defendant–son's] home; you look here at the description of all the different weapons that were discovered." (Sentencing Hr'g at 2:18:52–2:18:57). Counsel pressed the issue, inquiring whether the Court would nevertheless apply the two-level enhancement under § 2D1.1(b)(1). (Sentencing Hr'g at 2:19:02–2:19:03). That exchange was sufficient to alert the Court to counsel's opposition to enhancing Defendant's Guidelines range under § 2D1.1(b)(1) in light of his co-defendant–son's claims that he owned the firearms.

Second, even if the Court assumes that only Defendant's co-defendant–son possessed the firearms, it would not follow that § 2D1.1(b)(1) was improperly applied to Defendant. A defendant involved in a jointly undertaken criminal activity is responsible for all acts and omissions of others that occurred during the commission of the offense that were "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably

2

foreseeable in connection with that criminal activity." U.S. SENTENCING GUIDELINES MANUAL § 1B1.3(a)(1)(B) (U.S. SENTENCING COMM'N 2018); *see also United States v. Rodriguez–Guerrero*, 805 F.3d 192, 195 (5th Cir. 2015) ("A defendant involved in a 'jointly undertaken criminal activity' is responsible for 'all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.'" (quoting U.S.S.G. § 1B1.3(a)(1)(B)). Because "firearms are 'tools of the trade in illegal drug activities,'" *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990), "a sentencing court may often infer foreseeability from a coconspirator's knowing possession of a weapon," *United States v. Zapata–Lara*, 615 F.3d 388, 390 (5th Cir. 2010). In this case, the Court found that Defendant's co-defendant–son possessed firearms in connection with their underlying drug-trafficking offense. (Dkt. Nos. 330 at 32; 440 at 1). It is therefore "irrelevant that [Defendant] may not have known about the gun or possessed it." *United States v. Garcia*, 755 F. App'x 391, 394 (5th Cir. 2018).

Accordingly, Defendant's § 2255 Motion (Dkt. No. 1; Cr. Dkt. No. 511) is **DENIED**, and this civil action is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

**SIGNED** April 12, 2019.

Marina Garcia Marmolejo
United States District Judge